IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BILLY F. BRITT, § § § Plaintiff, § § v. § Case No. CV1:07CV696 § U.S. HELICOPTER, d/b/a/ § HELICOPTER SUPPORT § COMPANY, INC., and BELL § AEROSPACE SERVICES, INC., § d/b/a U.S. HELICOPTER, § | |

**ANSWER AND AFFIRMATIVE DEFENSES OF BELL AEROSPACE SERVICES, INC. D/B/A U.S. HELICOPTER, TO PLAINTIFF'S AMENDED COMPLAINT**

**I.    INTRODUCTION**

1.    For answer to Paragraph 1, Defendant denies it committed any unlawful employment practices, that it committed any unlawful discrimination, and/or retaliation and that it violated any of the Plaintiff's rights under the ADA and state tort law, and further denies Plaintiff is entitled to any relief or damages.

2.    Defendant denies the allegations of Paragraph 2 of the Plaintiff's Amended Complaint and demands strict proof thereof.

3.    Defendant denies the allegations of Paragraph 3 of the Plaintiff's Amended Complaint and demands strict proof thereof.

**II.    JURISDICTION AND VENUE**

4.    For answer to Paragraph 4, Defendant denies it committed any unlawful employment practices, that it committed any unlawful discrimination, and/or retaliation and that it violated any of the Plaintiff's rights, and denies Plaintiff is entitled to any relief or damages which thereby entitle the Plaintiff to jurisdiction of this Court.

{01179550.1}

5. This Defendant is without sufficient information to form a belief as to Plaintiff's fulfillment of conditions precedent to institute a claim and therefore these allegations are denied.

6. This Defendant admits that this Court has supplemental jurisdiction of Plaintiff's Alabama State Law claims pursuant to 28 U.S.C. § 1367 but that this Court could decline to exercise such supplemental jurisdiction if it so chooses.

7. This Defendant denies the allegations of Paragraph 7 of the Plaintiff's Amended Complaint and demand strict proof thereof.

## III.  THE PARTIES

8. Upon information and belief, Defendant admits the allegations contained in Paragraph 8 of the Plaintiff's Amended Complaint.

9. Defendant is unable to either admit or deny the allegations of Paragraph 9 of the Plaintiff's Amended Complaint.

10. Defendant admits the allegations of Paragraph 10 of the Plaintiff's Amended Complaint.

11. Defendant admits the allegations of Paragraph 11 of the Plaintiff's Amended Complaint.

## IV.  FACTUAL ALLEGATIONS

12. Defendant admits the allegations of Paragraph 12 of the Plaintiff's Amended Complaint.

13. Defendant denies the allegations of Paragraph 13 of the Plaintiff's Amended Complaint and demands strict proof thereof.

14. Defendant admits that Bob Nessler was one of the Plaintiff's supervisors.

15. Defendant denies the allegations of Paragraph 15 of the Plaintiff's Amended Complaint and demands strict proof thereof.

16. Defendant denies the allegations of Paragraph 16 of the Plaintiff's Amended Complaint and demands strict proof thereof.

17. Defendant denies the allegations of Paragraph 17 of the Plaintiff's Amended Complaint and demands strict proof thereof.

{01179550.1}

18.   Defendant denies the allegations of Paragraph 18 of the Plaintiff's Amended Complaint and demands strict proof thereof.

19.   Defendant admits the allegations of Paragraph 19 of the Plaintiff's Amended Complaint.

20.   Defendant denies the allegations of Paragraph 20 of the Plaintiff's Amended Complaint and demands strict proof thereof.

21.   Defendant denies the allegation of the first sentence of Paragraph 21 of the Plaintiff's Amended Complaint and demands strict proof thereof. Defendant admits the allegations in the second sentence of Paragraph 21 of the Plaintiff's Amended Complaint.

22.   Defendant admits the allegations of Paragraph 22 of the Plaintiff's Amended Complaint.

23.   Defendant admits the allegations of Paragraph 23 of the Plaintiff's Amended Complaint.

24.   Defendant denies the allegations of Paragraph 24 of the Plaintiff's Amended Complaint and demands strict proof thereof.

25.   Defendant denies the allegations of Paragraph 25 of the Plaintiff's Amended Complaint and demands strict proof thereof.

26.   Defendant denies the allegations of Paragraph 26 of the Plaintiff's Amended Complaint and demands strict proof thereof.

27.   Defendant denies the allegations of Paragraph 27 of the Plaintiff's Amended Complaint and demands strict proof thereof.

28.   Defendant denies the allegations of Paragraph 28 of the Plaintiff's Amended Complaint and demands strict proof thereof.

29.   Defendant denies the allegations of Paragraph 29 of the Plaintiff's Amended Complaint and demands strict proof thereof.

30.   Defendant denies the allegations of Paragraph 30 of the Plaintiff's Amended Complaint and demands strict proof thereof.

31.   Defendant denies the allegations of Paragraph 31 of the Plaintiff's Amended Complaint and demands strict proof thereof.

32. Defendant denies the allegations of Paragraph 32 of the Plaintiff's Amended Complaint and demands strict proof thereof.

33. This Defendant is without sufficient knowledge or information to form a belief as to Plaintiff's feelings and therefore, these allegations are denied.

34. Defendant denies the allegations of Paragraph 34 of the Plaintiff's Amended Complaint and demands strict proof thereof.

35. Defendant denies the allegations of Paragraph 35 of the Plaintiff's Amended Complaint and demands strict proof thereof.

36. Defendant denies the allegations of Paragraph 36 of the Plaintiff's Amended Complaint and demands strict proof thereof.

37. Defendant denies the allegations of Paragraph 37 of the Plaintiff's Amended Complaint and demands strict proof thereof.

38. Defendant denies the allegations of Paragraph 38 of the Plaintiff's Amended Complaint and demands strict proof thereof.

39. Defendant admits the allegations of Paragraph 39 of the Plaintiff's Amended Complaint.

40. Defendant denies the allegations of Paragraph 40 of the Plaintiff's Amended Complaint and demands strict proof thereof.

41. Defendant denies the allegations of Paragraph 41 of the Plaintiff's Amended Complaint and demands strict proof thereof.

42. This Defendant is without sufficient knowledge or information to form a belief as to Plaintiff's feelings and therefore, these allegations are denied.

43. Defendant denies the allegations of Paragraph 43 of the Plaintiff's Amended Complaint and demands strict proof thereof.

44. Defendant denies the allegations of Paragraph 44 of the Plaintiff's Amended Complaint and demands strict proof thereof.

45. Defendant denies the allegations of Paragraph 45 of the Plaintiff's Amended Complaint and demands strict proof thereof.

46. Defendant denies the allegations of Paragraph 46 of the Plaintiff's Amended Complaint and demands strict proof thereof.

47. Defendant denies the allegations of Paragraph 47 of the Plaintiff's Amended Complaint and demands strict proof thereof.

48. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 48 of the Plaintiff's Amended Complaint, therefore, they are denied.

49. Defendant admits the allegations of Paragraph 49 of the Plaintiff's Amended Complaint.

50. Defendant denies the allegations of Paragraph 50 of the Plaintiff's Amended Complaint and demands strict proof thereof.

51. Defendant denies the allegations of Paragraph 51 of the Plaintiff's Amended Complaint and demands strict proof thereof.

52. Defendant denies the allegations of Paragraph 52 of the Plaintiff's Amended Complaint and demands strict proof thereof.

53. Defendant denies the allegations of Paragraph 53 of the Plaintiff's Amended Complaint and demands strict proof thereof.

54. Defendant denies the allegations of Paragraph 54 of the Plaintiff's Amended Complaint and demands strict proof thereof.

55. Defendant denies the allegations of Paragraph 55 of the Plaintiff's Amended Complaint and demands strict proof thereof.

56. This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 56 of the Plaintiff's Amended Complaint and therefore, they are denied.

57. Defendant denies the allegations of Paragraph 57 of the Plaintiff's Amended Complaint and demands strict proof thereof.

58. Defendant denies the allegations of Paragraph 58 of the Plaintiff's Amended Complaint and demands strict proof thereof.

59. Defendant denies the allegations of Paragraph 59 of the Plaintiff's Amended Complaint and demands strict proof thereof.

60. Defendant denies the allegations of Paragraph 60 of the Plaintiff's Amended Complaint and demands strict proof thereof.

61. Defendant denies the allegations of Paragraph 61 of the Plaintiff's Amended Complaint and demands strict proof thereof.

{01179550.1}

62. Defendant denies the allegations of Paragraph 62 of the Plaintiff's Amended Complaint and demands strict proof thereof.

63. This Defendant is without sufficient knowledge or information to form a belief as to Plaintiff's feelings and therefore, these allegations are denied.

64. This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 64 of the Plaintiff's Amended Complaint and therefore, they are denied.

65. Defendant denies the allegations of Paragraph 65 of the Plaintiff's Amended Complaint and demands strict proof thereof.

66. Defendant denies the allegations of Paragraph 66 of the Plaintiff's Amended Complaint and demands strict proof thereof.

67. Defendant denies the allegations of Paragraph 67 of the Plaintiff's Amended Complaint and demands strict proof thereof.

68. Defendant denies the allegations of Paragraph 68 of the Plaintiff's Amended Complaint and demands strict proof thereof.

69. Defendant denies the allegations of Paragraph 69 of the Plaintiff's Amended Complaint and demands strict proof thereof.

70. Defendant denies the allegations of Paragraph 70 of the Plaintiff's Amended Complaint and demands strict proof thereof.

71. Defendant denies the allegations of Paragraph 71 of the Plaintiff's Amended Complaint and demands strict proof thereof.

72. Defendant admits the allegations of Paragraph 72 of the Plaintiff's Amended Complaint.

73. This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 73 of the Plaintiff's Amended Complaint and therefore, they are denied.

74. Defendant denies the allegations of Paragraph 74 of the Plaintiff's Amended Complaint and demands strict proof thereof.

75. Defendant denies the allegations of Paragraph 75 of the Plaintiff's Amended Complaint and demands strict proof thereof.

76. Defendant denies that Plaintiff was unlawfully terminated on August 3, 2005; Defendant admits the remaining allegations contained in this Paragraph.

77. Defendant denies the allegations of Paragraph 77 of the Plaintiff's Amended Complaint and demands strict proof thereof.

78. Defendant denies the allegations of Paragraph 78 of the Plaintiff's Amended Complaint and demands strict proof thereof.

79. Defendant denies the allegations of Paragraph 79 of the Plaintiff's Amended Complaint and demands strict proof thereof.

80. Defendant denies the allegations of Paragraph 80 of the Plaintiff's Amended Complaint and demands strict proof thereof.

81. Defendant admits the allegations of Paragraph 81 of the Plaintiff's Amended Complaint.

82. This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 82 of the Plaintiff's Amended Complaint and therefore, they are denied.

83. Defendant denies the allegations of Paragraph 83 of the Plaintiff's Amended Complaint and demands strict proof thereof.

84. Defendant denies the allegations of Paragraph 84 of the Plaintiff's Amended Complaint and demands strict proof thereof.

85. Defendant denies the allegations of Paragraph 85 of the Plaintiff's Amended Complaint and demands strict proof thereof.

86. Defendant denies the allegations of Paragraph 86 of the Plaintiff's Amended Complaint and demands strict proof thereof.

87. Defendant denies the allegations of Paragraph 87 of the Plaintiff's Amended Complaint and demands strict proof thereof.

88. This Defendant denies the allegations contained in Paragraph 88 of the Plaintiff's Amended Complaint as there is no Langman employed as a mechanic.

89. Defendant denies the allegations of Paragraph 89 of the Plaintiff's Amended Complaint and demands strict proof thereof as there is no Langman employed as a lead mechanic position.

90. Defendant denies the allegations of Paragraph 90 of the Plaintiff's Amended Complaint and demands strict proof thereof.

91. Defendant denies the allegations of Paragraph 91 of the Plaintiff's Amended Complaint and demands strict proof thereof.

92. Defendant denies the allegations of Paragraph 92 of the Plaintiff's Amended Complaint and demands strict proof thereof.

93. Defendant denies the allegations of Paragraph 93 of the Plaintiff's Amended Complaint and demands strict proof thereof.

94. Defendant denies the allegations of Paragraph 94 of the Plaintiff's Amended Complaint and demands strict proof thereof.

95. Defendant denies the allegations of Paragraph 95 of the Plaintiff's Amended Complaint and demands strict proof thereof.

96. Defendant denies the allegations of Paragraph 96 of the Plaintiff's Amended Complaint and demands strict proof thereof.

97. Defendant denies the allegations of Paragraph 97 of the Plaintiff's Amended Complaint and demands strict proof thereof.

98. Defendant denies the allegations of Paragraph 98 of the Plaintiff's Amended Complaint and demands strict proof thereof.

## V.   STATEMENT OF CLAIMS

### CLAIM ONE – VIOLATION OF TITLE VII, 42 U.S.C. § 2000e, et seq., (Discrimination on the Basis of Race).

99. Defendant incorporates and reasserts each and every response to the allegations contained in Paragraphs 1 through 99 of the Plaintiff's Amended Complaint as if fully set forth herein.

100. This Defendant admits that the Plaintiff is a member of a class protected by 42 U.S.C. § 2000e, et seq; this Defendant denies that the Plaintiff is qualified for employment with this Defendant.

101. Defendant denies the allegations of Paragraph 101 of the Plaintiff's Amended Complaint and demands strict proof thereof.

102. Defendant denies the allegations of Paragraph 102 of the Plaintiff's Amended Complaint and demands strict proof thereof.

{01179550.1}

103. Defendant denies the allegations of Paragraph 103 of the Plaintiff's Amended Complaint and demands strict proof thereof.

### CLAIM TWO – RETALIATION UNDER TITLE VII, 42 U.S.C. § 2000e-3(a)
(Retaliation)

104. Defendant incorporates and reasserts each and every response to the allegations contained in Paragraphs 1 through 103 of the Plaintiff's Amended Complaint as if fully set forth herein.

105. Defendant denies the allegations of Paragraph 105 of the Plaintiff's Amended Complaint and demands strict proof thereof.

106. Defendant denies the allegations of Paragraph 106 of the Plaintiff's Amended Complaint and demands strict proof thereof.

### CLAIM THREE – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
42 U.S.C. § 12101 et seq.
(Discrimination on the basis of a disability)

107. Defendant incorporates and reasserts each and every response to the allegations contained in Paragraphs 1 through 106 of the Plaintiff's Amended Complaint as if fully set forth herein.

108. Defendant denies the allegations of Paragraph 108 of the Plaintiff's Amended Complaint and demands strict proof thereof.

109. Defendant denies the allegations of Paragraph 109 of the Plaintiff's Amended Complaint and demands strict proof thereof.

110. Defendant denies the allegations of Paragraph 110 of the Plaintiff's Amended Complaint and demands strict proof thereof.

111. Defendant denies the allegations of Paragraph 111 of the Plaintiff's Amended Complaint and demands strict proof thereof.

112. Defendant denies the allegations of Paragraph 112 of the Plaintiff's Amended Complaint and demands strict proof thereof.

### CLAIM FOUR – VIOLATION OF 42 U.S.C. § 12203
(Retaliation in Violation of the ADA)

113. Defendant incorporates and reasserts each and every response to the allegations contained in Paragraphs 1 through 112 of the Plaintiff's Amended Complaint as if fully set forth herein.

114. Defendant denies the allegations of Paragraph 114 of the Plaintiff's Amended Complaint and demands strict proof thereof.

115. Defendant denies the allegations of Paragraph 115 of the Plaintiff's Amended Complaint and demands strict proof thereof.

### CLAIM FIVE – VIOLATION OF 42 U.S.C. § 1981
### (Discrimination and Retaliation on the Basis of Race)

116. Defendant incorporates and reasserts each and every response to the allegations contained in Paragraphs 1 through 115 of the Plaintiff's Amended Complaint as if fully set forth herein.

117. Defendant denies the allegations of Paragraph 117 of the Plaintiff's Amended Complaint and demands strict proof thereof.

118. Defendant denies the allegations of Paragraph 118 of the Plaintiff's Amended Complaint and demands strict proof thereof.

119. Defendant denies the allegations of Paragraph 119 of the Plaintiff's Amended Complaint and demands strict proof thereof.

### CLAIM SIX – NEGLIGENT SUPERVISION AND TRAINING

120. Defendant incorporates and reasserts each and every response to the allegations contained in Paragraphs 1 through 120 of the Plaintiff's Amended Complaint as if fully set forth herein.

121. Defendant denies the allegations of Paragraph 121 of the Plaintiff's Amended Complaint and demands strict proof thereof.

122. Defendant admits the allegations of Paragraph 122 of the Plaintiff's Amended Complaint.

123. Defendant denies the allegations of Paragraph 123 of the Plaintiff's Amended Complaint and demands strict proof thereof.

### CLAIM SEVEN – NEGLIGENT RETENTION

124. Defendant incorporates and reasserts each and every response to the allegations contained in Paragraphs 1 through 123 of the Plaintiff's Amended Complaint as if fully set forth herein.

125. Defendant denies the allegations of Paragraph 125 of the Plaintiff's Amended Complaint and demands strict proof thereof.

126. Defendant denies the allegations of Paragraph 126 of the Plaintiff's Amended Complaint and demands strict proof thereof.

### CLAIM EIGHT - NEGLIGENCE

127. Defendant incorporates and reasserts each and every response to the allegations contained in Paragraphs 1 through 126 of the Plaintiff's Amended Complaint as if fully set forth herein.

128. Defendant denies the allegations of Paragraph 128 of the Plaintiff's Amended Complaint and demands strict proof thereof.

129. Defendant denies the allegations of Paragraph 129 of the Plaintiff's Amended Complaint and demands strict proof thereof.

130. Defendant denies the allegations of Paragraph 130 of the Plaintiff's Amended Complaint and demands strict proof thereof.

## VI. PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to judgment or any other relief requested in the prayer for relief. Further, Defendant denies that Plaintiff has stated any cause of action against this Defendant and failed to allege any right to legal revenues, injunctive or declaratory relief sought in the Paragraphs of the Amended Complaint. Further, Defendant denies Plaintiff has suffered any irreparable injury, denied Defendants have engaged in any unlawful policy and/or practice and state that Plaintiff is not entitled to any of the requested relief. In addition, Plaintiff has failed to allege any allegations or acts of wrongdoing which would give rise to any equitable relief, punitive, or compensatory damages.

### AFFIRMATIVE DEFENSES

#### FIRST DEFENSE

Defendant avers that it is not guilty of the matters and things alleged in the Plaintiff's Amended Complaint and demand strict proof thereof.

#### SECOND DEFENSE

The Amended Complaint fails to state a claim against Defendant upon which relief may be granted.

#### THIRD DEFENSE

Defendant denies it engaged in any wrongful act with malice and/or reckless indifference against Plaintiff.

{01179550.1}

## FOURTH DEFENSE

Defendant further pleads the limitations on compensatory and punitive damage awards pursuant to the 1991 amendments of the Civil Rights Act.

## FIFTH DEFENSE

Plaintiff's claims are barred because they are not like or related to the claims raised in his EEOC charge.

## SIXTH DEFENSE

Plaintiff has filed to adequately mitigate his damages.
## SEVENTH DEFENSE

Defendant pleads the applicable statute of limitations to the extent they may apply.

## EIGHTH DEFENSE

Defendant did not engage in discriminatory or retaliatory conduct toward the Plaintiff.

## NINTH DEFENSE

Defendant reserves the right to amend this Answer following the completion of discovery in this matter.

## TENTH DEFENSE

The Amended Complaint states no cause of action against the Defendant by his failure to allege what parts or portions of the U.S. Constitution or other Federal law have been violated by the Defendant.

## ELEVENTH DEFENSE

The Amended Complaint is due to be dismissed based upon the shot-gun, conclusory allegations stated as opposed to specific instances of wrongful conduct rising to the level of a violation of the U.S. Constitution. Oladinende v. City of Birmingham, 963 F.2d 1481 (11th Cir. 1992).

## TWELVTH DEFENSE

Defendant pleads waiver, estoppel, release, res judicata and collateral estoppel, to the extent they may apply.

## THIRTEENTH DEFENSE

Defendant pleads lack of standing, lack of justiciable controversy, lack of capacity, ripeness, lack of adverse employment decision, insufficiency of process, and insufficiency of service of process, to the extent they may apply.

## FOURTEENTH DEFENSE

An award of punitive damages is not available against these Defendants due to the Plaintiff's failure to allege that acts were taken with "malice and/or reckless indifference."

## FIFTEENTH DEFENSE

Defendant denies any basis in fact or law for an award of damages against it.

## SIXTEENTH DEFENSE

Any damages with respect to which a claim is asserted against Defendants, result from acts, omissions, or events other than any alleged acts or omissions of the Defendant.

## SEVENTEENTH DEFENSE

Plaintiff cannot recover punitive damages against these Defendants because any such award would be penal in nature and would violate the Defendant's constitutional rights under the Alabama Constitution of 1901 and the Constitution of the United States, unless this Defendant is afforded the same procedural safeguards as are criminal defendants, including but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of proof beyond a reasonable doubt.

## EIGHTEENTH DEFENSE

All actions by Defendant were based upon legitimate, non-retaliatory and non-discriminatory reasons.

## NINETEENTH DEFENSE

Defendant denies it is guilty of conduct for which punitive damages could or should be awarded and denies Plaintiff has produced clear and convincing

{01179550.1}

evidence to support or sustain an award of punitive damages against this Defendant.

### TWENTIETH DEFENSE

The Plaintiff cannot recover punitive damages, because Defendant did not know or believe any of its alleged actions may have been in violation of federal law.

### TWENTY-FIRST DEFENSE

Defendant pleads the doctrine of the after-acquired evidence to the extent it may apply.

### TWENTY-SECOND DEFENSE

Employee failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

### TWENTY-THIRD DEFENSE

Plaintiff's claims for equitable relief may not be tried before a jury.

### TWENTY-FOURTH DEFENSE

Defendant cannot be liable for alleged actions of which it was not aware.

### TWENTY-FIFTH DEFENSE

Defendant adopts all defenses made available to them under the decisions rendered by the United States Supreme Court in Faragher v. City of Boca Raton, 118 S. Ct. 2275 (1998) and Burlington Industries, Inc. v. Ellerth, 118 S. Ct. 2257 (1998).

### TWENTY-SIXTH DEFENSE

The Amended Complaint fails to state a claim for punitive damages under Ala. Code §§ 6-11-20 to 6-11-30 (1975).

### TWENTY-SEVENTH DEFENSE

To the extent that any punitive damages assessed in this action are apportioned to the State of Alabama or a General Fund as prescribed by Life Insurance Co. of Georgia v. Johnson, the award is unconstitutional as the Alabama Supreme Court's directive in that decision was violative of the

{01179550.1}

Separation of Powers Clause of the United States and/or Sections 425, 43, and 70 of the Alabama Constitution.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claim for punitive damages is likewise violative of the Separation of Powers Clause of the United States Constitution and/or the Alabama Constitution to the extent that it exceeds $250,000, the legislative cap imposed by the Alabama legislature in Alabama Code § 6-11-21. The Alabama Supreme Court acted beyond their scope of authority in striking down this legislative mandate and therefore their action was unconstitutional and without effect. To allow an award in excess of this legislative cap is to directly contravene the express public policy of the State of Alabama.

### TWENTY-NINTH DEFENSE

To the extent that portion of the punitive damages award requested by the Plaintiff are apportioned to the State of Alabama or a General Fund established pursuant to the decision of Life Insurance Co. of George v. Johnson, this award is violative of the Eighth Amendment to the United States Constitution and Article 1, Section 15 of the Alabama Constitution.

### THIRTIETH DEFENSE

To the extent that portion of the punitive damages award demanded by the Plaintiff is apportioned to the State of Alabama or a General Fund established pursuant to the decision of Life Insurance Co. of George v. Johnson, the award constitutes an unconstitutional undertaking of property without just compensation in violation of the Fifth Amendment to the United States Constitution.

### THIRTY-FIRST DEFENSE

To the extent that Plaintiff's demand for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission against this Defendant, this award contravenes the Defendant's right to due process under the Fourteenth Amendment to the United States Constitution and the due process clause of Article 1, Section 13 of the Alabama Constitution. In addition, such award would infringe upon the Defendant's rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution.

## THIRTY-SECOND DEFENSE

To the extent that punitive damages are awarded in this case as prescribed by the decision of <u>Life Insurance Co. of Georgia v. Johnson</u>, this action impermissibly impinges upon the Defendant's fundamental right to a trial by jury guaranteed by Article 1, Section 11 of the Alabama Constitution. This decision inevitably places the judiciary and juries of the State of Alabama in a conflict of interest position as the juries now have a financial incentive to award a large verdict as they will indirectly benefit from any award.

Likewise, any punitive damage award would unconstitutionally encroach upon the Defendant's right to open access to the Courts of this State in violation of the United States Constitution and Article 1, Section 13 of the Alabama Constitution and the Defendant's rights to due process under the Fourteenth Amendment, jointly and separately.

## THIRTY-THIRD DEFENSE

This Defendant denies that it is guilty of any discrimination under Title III of the Americans with Disabilities Act.

## THIRTY-FOURTH DEFENSE

An award of punitive damages in the circumstances of this case would clearly be violative of the Defendant's due process rights as embraced by the Fifth and Fourteenth Amendment to the United States Constitution and by the due process clause of Article 1, Section 6 and/or 13 of the Alabama Constitution, jointly and separately, as such award would constitute a deprivation of property without due process of law for the following reasons as separately stated herein.

1. These are inadequate standards or guidance to instruct a jury with regards to assessing the amount and appropriateness of a punitive damage award.

2. Post verdict review of a punitive damage award is similarly subject to insufficient standards or criterion under present Alabama law to accord this Defendant due process of law.

3. There is no rational relationship between the punitive damage awards in Alabama and the wrongfulness of the Defendant's conduct and/or the compensatory damages award.

4. The procedures utilized by Alabama Courts and/or the jury instructions provided to Alabama jurors, jointly and separately, are vague and ambiguous.

{01179550.1}

.5.   No rational relationship exists between the extent of punitive damages and legitimate interests to be advanced by the State of Alabama.

6.   An award of punitive damages in this case would be penal in nature and thus, would be violative of Defendant's constitutional rights under the United States Constitution unless the Defendant is granted the procedural safeguard against self-incrimination and a heightened standard of proof beyond a reasonable doubt.

7.   Present Alabama procedures fail to provide a constitutional and reasonable limit to the amount of any punitive damages award against this Defendant.

8.   Present Alabama procedures permit the imposition of joint and several judgments against multiple Co-Defendants for different acts or degrees of wrongdoing or culpability.

9.   The award of punitive damages on the basis off vicarious liability for the conduct of others violates the Defendant's constitutional rights.

### THIRTY-FIFTH DEFENSE

The imposition of punitive damages in this case would be in the denial of the Defendant's right to equal protection of the laws as guaranteed by the Fourteenth Amended to the United States Constitution and Article 1, Sections 1, 6, and 22 of the Alabama Constitution. Specifically, the Defendant is treated differently from criminal defendants which are charged for similar or identical culpability. Alternatively, the absence of adequate and objective standards for guiding in the assessment of punitive damages fails to insure the equality of treatment between and among similarly situated civil Defendants.

### THIRTY-SIXTH DEFENSE

The assessment of punitive damages in this action would impinge upon the Commerce Clause of Article 1, Section 8 of the United States Constitution as it constitutes an undue and unreasonable burden on interstate commerce. Alternative, such an award is violative of the Commerce Clause to the extent that such award punishes acts or omissions which have allegedly occurred solely outside of the state boundaries.

### THIRTY-SEVENTH DEFENSE

The imposition of punitive damages in this case would violate the Defendant's rights under the Contract Clause of Article 1, Section 10 of the

United States Constitution and Article 1, Section 22 of the Alabama Constitution in that it would impair the contractual obligations of parties to this litigation.

### THIRTY-EIGHTH DEFENSE

Plaintiff's demand for punitive damages violates the Defendant's guarantee of due process and equal protection under the laws as established by the United States Constitution and the Alabama Constitution as the standards for assessing the propriety and amount of punitive damages violate the constitutional prohibition against vague and overly broad laws.

### THIRTY-NINTH DEFENSE

The award of punitive damages in this case would contravene the constitutional prohibition against ex post facto laws as found in Article 1, Section 22 of the Alabama Constitution.

### FORTIETH DEFENSE

With respect to the Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages award which arose in the decision BMW of North American, Inc. v. Gore, 1116 S. Ct. 1589 (1996).

### FORTY-FIRST DEFENSE

Any award of punitive damages in this case is subject to scrutiny under the factors set forth in BMW of North American, Inc. v. Gore, 1116 S. Ct. 1589 (1996).

### FORTY-SECOND DEFENSE

Any jury making an award of punitive damages in this case must consider the factors set forth in BMW of North American, Inc. v. Gore, 1116 S. Ct. 1589 (1996) in assessing constitutional punitive damages.

### FORTY-THIRD DEFENSE

Any award of punitive damages in this case would be unconstitutional under BMW of North American, Inc. v. Gore, 1116 S. Ct. 1589 (1996), as Defendant received no notice of the severity of the potential penalty that might be imposed as punishment under Alabama law.

{01179550.1}

### FORTY-FOURTH DEFENSE

As shown by the United States Supreme Court's recent remand of the Alabama Supreme Court's decision in BMW of North American, Inc. v. Gore, 1116 S. Ct. 1589 (1996), and Life Insurance Co. of Georgia v. Johnson, Alabama's system for rewarding and reviewing punitive damages is fatally flawed. Therefore, any award of punitive damages in this case would be in contravention of the constitutional safeguards provided to the Defendant by the Constitution of the United States Constitution of the State of Alabama, jointly and separately.

### FORTY-FIFTH DEFENSE

The State of Alabama is a necessary and/or indispensable party to this litigation and therefore, any judgment rendered without joinder of the State is void without effect.

### FORTY-SIXTH DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that it exceeds the amount of $250,000.00, except as authorized in Ala. Code § 6-11-21, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state.

### FORTY-SEVENTH DEFENSE

Defendant avers the Alabama Supreme's holding in Henderson v. Alabama Power Co., 627 So. 2d 878 (Ala. 1993) that the $250,000 cap of an award of punitive damages, pursuant to § 6-11-21, Ala. Code, was unconstitutional pursuant to § 11 of the Alabama Constitution, was an unconstitutional exercise of judicial legislation in violation of the Alabama Constitution. Defendant further avers and contends that the Alabama Supreme Court should now revisit the propriety and effectiveness of § 6-11-21, Ala. Code.

### FORTY-EIGHTH DEFENSE

Defendant affirmatively pleads the protections afforded to it pursuant to § 6-11-21, Ala. Code.

### FORTY-FOURTH DEFENSE

Anything not specifically admitted herein and which is not otherwise clear from these responses is denied.

{01179550.1}

           /s/ Martha Leach Thompson
           Christopher S. Rogers
           Martha Leach Thompson

**OF COUNSEL:**
Huie, Fernambucq & Stewart, LLP
2801 Highway 280 South, Suite 200
Birmingham, AL 35223
Telephone: (205) 251-1193
Facsimile: (205) 251-1256

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel of record via the CM/ECF System and/or by U.S. Mail on this the 15th day of October, 2007.

      Maricia Woodham, Esq.
      M. Wayne Sabel, Esq.
      Sabel & Sabel, P.C.
      Hillwood Office Center
      2800 Zelda Road, Suite 100-5
      Montgomery, AL 36106

      Mitchell Gilbert Allen, Esq.
      Jeffrey A. Lee, Esq.
      Maynard, Cooper & Gale, P.C.
      1901 Sixth Avenue North
      2400 Regions Harbert Plaza
      Birmingham, AL 35203

           /s/ Martha Leach Thompson
           Of Counsel

{01179550.1}