IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BILLY F. BRITT,** ) | |
| ) | |
| ) | CASE NO. CV1:07CV696 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **BELL AEROSPACE SERVICES, INC., d/b/a** ) | |
| **U.S. HELICOPTER,** ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER**

COMES NOW Plaintiff and respectfully files this reply to Defendant's Motion to Quash and for Protective Order (Doc # 40, Aug. 4, 2008), which is due to be denied. As grounds, Plaintiff shows the Court as follows:

1.  The trial in this matter is set for December 1, 2008. The discovery deadline is set for October 3rd. By Court Order (Doc # 37), the Court gave Plaintiff just over two weeks to reply to Defendant's lengthy submission supporting its Motion for Summary Judgment, or until August 4th. By subsequent Order of August 1st, the Court re-set the deadline for Plaintiff to respond to Defendant's summary judgment motion to be on or before August 15th.

2.  Because the undersigned had inquired and been informed that Defendant's decision-making supervisors would not be made available until late August, Plaintiff had sought to extend the deadline for a response to provide ample time to take the depositions at Defendants' convenience. When the Court denied

Plaintiff's motion in part on the morning of August 1st, setting the deadline to respond to Defendant's motion to a time prior to the time that the Defendant had said the witnesses would be available, the undersigned immediately contacted the defense seeking dates to conduct the depositions some time this week. The undersigned also left a phone number and a request for Defendant to identify earlier dates for the witnesses to be available. Having not heard from Defendant, Plaintiff filed the four notices of deposition at the end of the day.

3. This was not the first that Defendant had heard that the undersigned sought to take these depositions. As the undersigned wrote to defense counsel: "At the conclusion of Mr. Britt's deposition [on June 26th],[1] I stated to you and [Mr. Rodgers] that I needed to take several of your supervisors depositions. [Mr. Rodgers] indicated that we should take a serious look at this case in our settlement conference to discuss the possibility of settlement. We will do that today. I also note that I put the names of the deponents in writing to you no later than July 28th, one week ago. This is in keeping with the local rules of this District in trying to work with the opposing counsel on discovery matters, which I have done and will continue to do. Moreover, given the centrality of the deponents to this case and to your summary judgment motion, the identities of these deponents surely does not come as a surprise to you. And I expect that you have had occasion to interact with each of them as part of your defense efforts.

---

[1] Although Defendant notes that Mr. Britt's deposition was taken on June 11th, Def. Mtn. to Quash at 3, ¶ 11, this was only the first day of the deposition. Through no fault of the Plaintiff, the deposition was resumed and completed on June 26th.

>    Given the Court's Order and the circumstances of the case, the notice that I gave for the depositions does fit the Rule's definition of reasonableness."
>
>    *See* Plaintiff's Exhibit 1, ¶ 2, E-Mail Correspondence to Defense Counsel.

4. The witnesses sought to be deposed are Defendant's supervisors with information central to the effort to oppose summary judgment. Three of the four deponents were explicitly identified by Defendant as involved in the decision to terminate Plaintiff. In order to properly respond to Defendant's motion, Plaintiff needs the testimony of these witnesses. However, Defendant has made clear that the witnesses will not be made available until well after August 15th. Def.'s Mtn. to Quash at 2, ¶ 8 ("Continuing scheduling conflicts preclude Defendant from complying with Plaintiff's request for deposition within the next two weeks").

5. Thus, Defendant's motion to quash is really a motion to preclude any depositions from occurring either before the Court ordered deadline for responding to the Defendant's motion for summary judgment or before the August 22nd deadline set for Defendant to file a response to Plaintiff's reply.

6. The undersigned has sought to work with defense counsel in conformity with the Local Rules of this Court. The undersigned had previously indicated that he was available for depositions any day after July 29th. Plaintiff has made it clear that the depositions can be set anytime this week, or some time next week, and may occur at the time and location preferred by defense counsel. Plaintiff's Ex. 1 at ¶¶ 1 & 3. The undersigned has also stated his availability for weekend depositions. *Id.* at ¶ 1. Nonetheless, Defendant has stated that it is not possible to produce the supervisors prior to the week of August 25th. Def.'s Mtn. to Quash at 2, ¶ 8.

7. The undersigned has no desire to inconvenience defense counsel, Plaintiff's Ex. 1 at ¶ 3, but as the undersigned discussed with defense counsel, Plaintiff sees no alternative but to seek the depositions given the current schedule for filing a summary judgment response. Plaintiff notes that today he may seek another extension from the Court that is shorter than the one previously sought, or may seek to continue the trial date, but has no idea whether such motion would be fruitful.

8. The Defendant states that the witnesses cannot be made available at least in part because of "trial preparation" for Mr. Rodgers. The undersigned is sympathetic, but notes that he has other pressing matters to attend to as well.

9. The parties have pursued discovery but more remains to be completed in part as a consequence of the substitution of lead counsel for the Plaintiff following the withdrawal of the former lawyer who served as Plaintiff's lead counsel.

10. The relevance of Defendant's recitation of its efforts to take Plaintiff's deposition is less than clear, but the undersigned notes that he was not involved in this case at all, nor did he expect to be, until some time in March 2008. *See* Plaintiff's Ex. 1 at ¶ 2. The previous attorney moved to withdraw on March 8th. (Doc. # 33). Accordingly, the January 28th E-Mail marked as Defendant's "Exhibit B" was not forwarded to the undersigned and the undersigned did not review it. Similarly, Defendant's letter marked as Defendant's "Exhibit C", mistakenly stated that the undersigned had previously spoken with defense counsel in late January. *See* Plaintiff's Exhibit 2, Plaintiff's Letter to Defense Counsel (April 4, 2008)

(correcting the mistake). Nothing about this sequence of events renders the notice given for the depositions unreasonable.

11. According to a leading treatise, "five days will ordinarily be reasonable" within the meaning of Rule 30 (b)(1). 4A Moore's Federal Practice ¶ 30.08[3] at 30-81 (2nd Ed. 1996) (Rel105--3/95 Pub. 410). This derives from the fact that the Advisory Committee's preliminary draft of 1936 provided that the parties had to be "given at least five days' notice, plus one additional day for each 300 miles of travel from the place of holding court." *Id.* Rule 30(b) was modified from a five days' notice requirement to one that recognized that fewer than five days' notice could also be reasonable. Whereas the 1936 version of Rule 34(a) made it compulsory to give at least five days' notice, Rule 30(b)(1) was written to permit notice to be reasonable within fewer than five days. *Id.* at n.1.

12. "Commonly, courts find that notice of at least five days is sufficient for a party's deposition." *Gamboa v. King County,* 2008 WL50934 (W.D. Wash. Feb. 22, 2008); *Paige v. Commissioner*, – F.R.D. – , 2008 WL 360830, *3 (C.D. Cal. Jan. 18, 2008) (finding that fourteen days' notice was reasonable while citing a case finding 10 days as reasonable); *see also Ranger Transp. v. Wal-Mart* Stores, 903 F.2d 1185, 1187, n.6 (8th Cir. 1990) (implying that informal notice, as Britt initially provided in this case, given within a "5-day (3-business day)" window, would be reasonable); *Jones v. United States*, 720 F. Supp. 355, 366 (S.D. N.Y. 1989) (holding that eight days' notice was reasonable).

13. In *Overton v. Hicks*, 2007 WL 2473799 (S.D. Ind. Aug. 27, 2007), the court declined to quash the deposition notices despite the deponents' unavailability and the schedule of defense counsel, even though formal notice was served merely three business days in advance (informal notice was provided eight days in advance). The Court considered that the plaintiff, Overton, like Britt, required the important information to meet a deadline (Overton's was a statute of limitations). And Overton's counsel, like Britt's, "indicated his flexibility in scheduling" the depositions. *Id.* Accordingly, *Overton* illustrates the propriety of denying Defendant's motion to Quash.

14. Assuming that Britt initially provided informal notice of the depositions on July 28th,[2] *see* Def. Ex. "A", the Defendant's unwillingness to make available the witnesses at any point within 17 days of the notice is not reasonable. The consensus of authority is that such notice is in fact reasonable.

15. Given the deadlines embodied in the Court's Order, the centrality of the decision-making supervisors to the summary judgment response, the flexible availability in terms of time, location, and date (including weekends) of Plaintiff's counsel, and the circumstances of this case, the notices of deposition do conform to Rule 30(b)(1)'s reasonableness provision.

---

[2] Moreover, Plaintiff should not be penalized for declining to file formal deposition notices on July 28th; such a result would penalize Britt for trying to work with defense counsel to secure convenient dates for the depositions. Even if the clock did not begin to run until August 1st, the date the formal notices were issued, Plaintiff provided a 13-14 day window for the depositions.

WHEREFORE, Plaintiff requests that the Court deny Defendant's Motion to Quash and for Protective Order. In the alternative, Plaintiff requests the Court to Order Defendant to make its decision-making supervisors available for deposition beginning no later than August 13th.

Respectfully submitted this the 5th day of August, 2008.

/s/ Mark Sabel
MARK SABEL (SAB004)

**OF COUNSEL:**
Sabel & Sabel, P.C.
Hillwood Office Center
2800 Zelda Road; Suite 100-5
Montgomery, AL 36106
(334) 271-2770
(334) 277-2882 *facsimile*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been filed via the Court's electronic filing system this the 5th day of August, 2008, which will send notice of same to all counsel of record.

Christopher S. Rodgers
Martha Leach Thompson
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South
Birmingham, Alabama 35223

/s/ Mark Sabel
OF COUNSEL

PLAINTIFF'S EXHIBIT 1

# Mark Sabel

**From:** Mark Sabel [mksabel@mindspring.com]
**Sent:** Monday, August 04, 2008 1:05 PM
**To:** 'Michelle Quinn'; 'mlt@hfsllp.com'; 'csr@hfsllp.com'
**Subject:** RE: Britt v. US Helicopter - Depositions Continued

Dear Martha,

In partial reply to your letter of today saying that you cannot produce your client's supervisors until August 26-28, that time frame is simply too late to be of use to respond to your motion for summary judgment. As you know, the deadline to respond to your motion is August 15th. Please know that I will make myself available on any day prior to that to take these depositions. I simply had to indicate the dates this week given the Court's Order, and that I really need to get them this week. Please let me know if any witness can be made available at any time this week, or very early next week; and I will also take the depositions on the weekend if need be. Also, I will work with you in terms of location; although I noticed the depositions for our office, please let me know if there is somewhere else we can go that would make it possible for the deponents to be available this week or early next week.

As you may not recall, I was not involved in the parties' 2007 planning meeting, nor did I appear in this case, or know anything about it or the schedule, until some time in 2008. At the conclusion of Mr. Britt's deposition, I stated to you and Chris that I needed to take several of your supervisors depositions. Chris indicated that we should take a serious look at this case in our settlement conference to discuss the possibility of settlement. We will do that today. I also note that I put the names of the deponents in writing to you no later than July 28th, one week ago. This is in keeping with the local rules of this District in trying to work with the opposing counsel on discovery matters, which I have done and will continue to do. Moreover, given the centrality of the deponents to this case and to your summary judgment motion, the identities of these deponents surely does not come as a surprise to you. And I expect that you have had occasion to interact with each of them as part of your defense efforts. Given the Court's Order and the circumstances of the case, the notice that I gave for the depositions does fit the Rule's definition of reasonableness.

I want you to know that it is not my intention to create inconvenience for you, but I cannot withdraw the deposition notices. As noted above, please do let me know if there is some earlier date that the deponents can be available, or if some other location or time would make the depositions possible sooner. Please reach me by cell to discuss this anytime that you like.

Thank you,


Mark



-----Original Message-----
From: Michelle Quinn [mailto:BMQ@hfsllp.com]
Sent: Monday, August 04, 2008 12:18 PM
To: mksabel@mindspring.com
Subject: Britt v. US Helicopter

Please see the attached correspondence.

1

PLAINTIFF'S EXHIBIT 2

LAW OFFICES
# Sabel & Sabel
A PROFESSIONAL CORPORATON

WWW.SABELLAW.COM

M. WAYNE SABEL
waynesabel@sabellaw.com

MARK SABEL
marksabel@sabellaw.com

MARICIA WOODHAM*
mwoodham@sabellaw.com

HILLWOOD OFFICE CENTER
2800 ZELDA ROAD, SUITE 100-5
MONTGOMERY, ALABAMA 36106

TELEPHONE: (334) 271-2770
FACSIMILE: (334) 277-2882

*ALSO ADMITTED IN MA & NH

April 4, 2008

Martha Leach Thompson
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223-2484

Re: *Britt v. U. S. Helicopter*

Dear Ms. Thompson:

This is to confirm our telephone conversation yesterday wherein we discussed your letter of March 27th. Specifically, you acknowledged that it was Maricia Woodham with whom you spoke on January 28th, not me. Indeed, I have only recently been provided the file, and as we discussed, cannot be available for an April 10th deposition date. However, we will discuss next week when we can schedule the deposition.

Very truly yours,

Mark Sabel

MS:msc