**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| BILLY F. BRITT, ) | |
| ) | |
| ) | CASE NO. CV1:07CV696 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BELL AEROSPACE SERVICES, INC., d/b/a ) | |
| U.S. HELICOPTER, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION TO CONTINUE TRIAL AND ALL REMAINING DEADLINES, OR IN THE ALTERNATIVE, TO EXTEND TIME TO FILE RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff and respectfully files this Motion to Continue Trial and All Remaining Deadlines, or in the Alternative, to Extend Time to File Response to Defendant's Motion for Summary Judgment. Granting this Motion furthers the interests of justice and will result in a more orderly and efficient presentation of the summary judgment materials to the Court. In the event the Court declines to continue the case and all remaining deadlines (including the date the summary judgment response is due), Plaintiff seeks an extension until September 15th. As grounds, Plaintiff shows the Court as follows:

1. The trial in this matter is set for December 1, 2008. The discovery deadline is set for October 3rd. By Court Order (Doc # 37), the Court gave Plaintiff just over two weeks to reply to Defendant's lengthy submission supporting its Motion for Summary Judgment, or until August 4th. By subsequent Order of August 1st, the

       Court re-set the deadline for Plaintiff to respond to Defendant's summary judgment motion to be on or before August 15th. (Doc # 39).

2. Although the undersigned appreciates the Court's granting the Plaintiff until August 15th to file a response, Plaintiff still cannot realistically reply within this period of time. There is critical discovery that needs to be completed. Plaintiff has requested to take several depositions of important witnesses who are currently employed supervisors within Defendant's control and are directly involved in the facts and circumstances of this case. However, Defendant continues to maintain that those witnesses cannot be made available prior to the week of August 25th. (Doc # 40, Def.'s Mtn. to Quash at 2, ¶ 8). Plaintiff will then need to acquire the transcripts and prepare the responsive submissions. In addition, there are still outstanding items requested through discovery that Plaintiff needs for the response, which the parties have met about and discussed, and which the parties are attempting to resolve without Court intervention.

3. The parties have pursued discovery but more remains to be completed in substantial part as a consequence of the substitution of lead counsel for the Plaintiff following the withdrawal of the former lawyer who served as Plaintiff's lead counsel. The undersigned did not anticipate having any involvement in this case, much less conducting discovery in this case, until late March 2008. The undersigned has had a number of pressing matters to attend to, but believed that there would be ample time without inconveniencing the Court to obtain any needed discovery and respond to any summary judgment motion well prior to the October 3rd discovery deadline or the December 1st trial date. As set forth in

"Plaintiff's Reply to Defendant's Motion to Quash and Motion for Protective Order," (Doc # 41), Plaintiff provided Defendant reasonable notice in plenty of time to take critical depositions. Plaintiff did not foresee that Defendant would not make its supervisors available for deposition from late July until late August, especially considering that Defendant received the Court's briefing schedule and saw that Plaintiff needed to take the depositions in time to file a response.

4. To the extent that Plaintiff is denied the opportunity to take the critical depositions in time to file a response to summary judgment, Plaintiff will in good faith file a Rule 56(f) affidavit, which will mean that the summary judgment materials will be submitted piecemeal to the Court. This will be inefficient.[1] It is also not in the interests of justice for a summary judgment motion to possibly be decided without a full and fair record because the Defendant cannot make its decision-making supervisors available for deposition after being given reasonable notice. (See Doc # 41, "Plaintiff's Reply to Defendant's Motion for Protective Order," *passim*).

5. Although the Defendant opposes the request to continue the trial date and all remaining dates until the next term of court, Defendant has no basis to claim that a postponement of a few months will prejudice it in any way. Granting the

---

[1] Plaintiff has an unassailable basis to file a Rule 56 (f) affidavit, which may well have the effect of disrupting the briefing schedule anyway. The undersigned in good faith believes there are grounds pursuant to Rule 56(f) for the Court to grant relief, including by denying the motion for summary judgment outright, or by continuing the response or the trial to the next term. F.R.C.P. 56(f).

      request to continue is in fact the most probable way to insure an orderly submission of the summary judgment materials.

6. Granting this request will serve the interests of fairness, justice, and efficiency.

7. Plaintiff seeks at least until September 30th to file the response to the motion for summary judgment. Such a postponement may have the effect of facilitating settlement discussions after the key depositions have been taken and prior to the Court's consideration of the motion for summary judgment. Plaintiff recognizes that the review of summary judgment motions forms a large work load for the Court.[2] Postponement in this fashion may help the Court review the submissions in a more efficient and systematic fashion.

8. In the alternative, Plaintiff seeks until September 15th to file a response. This is 15 days shorter than the previous extension requested by Plaintiff. Defendant's position is it "cannot agree" to the extension. Defendant's opposition, or lack of agreement, is in contrast to the Plaintiff's previously explicitly stated willingness to agree to the Defendant's being allowed more time to file its motion for summary judgment if need be. As it turned out, Defendant did not need the extra time.

---

[2] Plaintiff notes that the 2007 Amendments to the Federal Rules of Civil Procedure confer a change to the language of Rule 56. Under Rule 56 as it is now written, in several places the word "shall" - as in "summary judgment shall be rendered" - has been changed to "should." This change was made to highlight that the Court retains discretion to deny summary judgment even "when it appears that there is no genuine issue as to any material fact." *See* Committee Comments, 2007 Amendments to F.R.C.P. 56 (*citing Kennedy v. Silas Mason Co.*, 334 U.S. 249, 256-57 (1948)).

WHEREFORE, Plaintiff requests that the Court continue all remaining deadlines, including by granting Plaintiff at least until September 30, 2008 to respond to Defendant's Motion for Summary Judgment. In the alternative, Plaintiff requests until September 15, 2008 to respond to Defendant's Motion for Summary Judgment.

Respectfully submitted this the  6th   day of August, 2008.


       /s/ Mark Sabel
       MARK SABEL (SAB004)

**OF COUNSEL:**
Sabel & Sabel, P.C.
Hillwood Office Center
2800 Zelda Road; Suite 100-5
Montgomery, AL 36106
(334) 271-2770
(334) 277-2882 *facsimile*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been filed via the Court's electronic filing system this the  6th   day of August, 2008, which will send notice of same to all counsel of record.

   Christopher S. Rodgers
   Martha Leach Thompson
   Huie, Fernambucq & Stewart, LLP
   Three Protective Center
   2801 Highway 280 South
   Birmingham, Alabama 35223


       /s/ Mark Sabel
       OF COUNSEL